## WALKER & al. versus BLAKE.

Where one agreed to build a barn for another, giving him the election, to keep it and pay for it in other property, or allow the builder to move it off, the property in the barn, when accepted, passed from the former to the latter.

And *the using* of such barn, without objection, is sufficient evidence of *acceptance.*

When it appears from the finding of the jury, that the plaintiffs have no title to the property sued for, their requested instructions become immaterial.

What effect the license of a mortgager in possession, to erect a building on the land by another, may have upon the rights of the mortgagee, *quere.*

ON EXCEPTIONS from *Nisi Prius,* HOWARD, J., presiding.

TROVER, to recover the value of a barn.

The plaintiffs built a barn on land in possession of Ephraim Walker, which was mortgaged. Under this contract as found by the jury upon the evidence, Ephraim had the election, either to keep the barn as his, or if he chose not to help one of the plaintiffs to build a barn on his own land when wanted, then to let them take this one off the lot. He used the barn a number of years.

Ephraim's right as mortgager, before the commencement of this suit, was conveyed to defendant, who also held an assignment of the mortgage.

When Ephraim conveyed his equity of redemption, he notified defendant of plaintiffs' claim to the barn.

The plaintiffs attempted to take away the barn, but were prevented.

The counsel for plaintiffs requested the instruction, that if the plaintiffs went on and built the barn by consent of Ephraim Walker, the mortgager, on the land under mortgage, and the barn was to remain the property of the plaintiffs, until he should build another or pay for it, then the plaintiffs are entitled to recover.

This was given with this qualification, that if the plaintiffs thus built the barn, with the consent of the mortgagee, express or implied, then the plaintiffs would be entitled to recover.

A further request was, that the consent of Ephraim Walker, the mortgager in possession, was a sufficient consent of the owner, to enable the plaintiffs to claim or hold the property, which request was refused.

A verdict was rendered for defendant.

*Gerry*, in support of the exceptions.

*S. C. Strout*, contra, cited *Holbrook* v. *Armstrong*, 10 Maine, 31; *Dearborn* v. *Turner*, 16 Maine, 17; *Perkins* v. *Douglass*, 20 Maine, 307; *Southwick* v. *Smith*, 29 Maine, 228; *Buswell* v. *Bicknell*, 17 Maine, 344.

SHEPLEY, C. J. — The action is trover for a barn, alleg-

ed to have been built by the plaintiffs on land of their father, Ephraim Walker, by his consent. The case is presented by a bill of exceptions and a report of all the testimony.

It appears, that the land on which the barn was erected, was conveyed in mortgage by Ephraim Walker to Joseph Smith, on August 13, 1841. That Joseph Smith, with others, conveyed the interest of the mortgagee in the same, to the defendant on June 9, 1851. That Ephraim Walker released his title to the same to the defendant on May 8, 1851. That the barn was built on that land during the month of June, 1845. That Ephraim Walker occupied the land and barn, until he conveyed to the defendant, then stating to him, that his sons claimed the barn.

From the testimony, and from a special finding of the jury, on a question submitted to them, the barn must be considered as built by the plaintiffs by an agreement in substance with their father, that they might remove it, if he did not build another barn for them, or one of them, when and where they wished it.

If the barn thus built, and accepted by the father, became his property, the plaintiffs were not the owners of it, when their suit was commenced. The instructions, in such case, would be correct, and those requested and refused would be immaterial.

The rule of law is well established by the cases cited in argument and by others; when a chattel is delivered by one person to another, who has an election to return it, or to pay for it, or to return some other property as a compensation for it, such chattel becomes the property of the person so receiving it.

It is insisted by the argument for the plaintiff, that the agreement having been made before the building existed, it could not be within the statute of frauds, and could not amount to a sale of the building.

The agreement was not within the statute of frauds, and

the property could not pass, until the barn had been built and accepted, when the property in it would be transferred.

If one by agreement should build a carriage for another, to be by him returned or paid for in cash or by another carriage; the carriage, when thus built, delivered and accepted by the other, would become his property.

The barn having been on land claimed and occupied by the father, no formal or other delivery was necessary. His occupation of it without any objection, amounted to an acceptance, and it became his property.

It is urged, that it was not completed, but the agreement does not state the manner in which it should be built, or how completely it should be finished. The use of it by the father, in the manner before stated, is sufficient to preclude the plaintiffs from claiming the property, because they had not fully performed their agreement.

It is not necessary to consider what effect a license by the mortgager, to have it placed on the land, would have upon the rights of the mortgagee or his assignee.

*Exceptions and motion overruled.*

Rice, Hathaway and Cutting, J. J., concurred.